# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE ALICIA PLYMATE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN F. KELLY, Secretary of the Department of Homeland Security, et al., <br><br> Defendants. | Case No.: 16cv2899-MMA (MDD) <br><br> **ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS** <br><br> [Doc. No. 8] |

Plaintiff Rose Alicia Plymate ("Plaintiff") filed a Complaint against Defendants John F. Kelly, Leon Rodriguez, and Melissa Maxim (collectively "Defendants") on November 28, 2016, seeking a declaration of U.S. citizenship pursuant to 8 U.S.C. § 1503(a). *See* Complaint. Defendants now move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. No. 8. Plaintiff did not file an opposition to Defendants' motion. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 9. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

/ / /

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Without subject matter jurisdiction, a federal court is without "power" to hear or adjudicate a claim. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)); *Kokkonen*, 511 U.S. at 377. Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999) (internal quotation marks omitted). "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal citation and quotations omitted). "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Id.* (citing *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999)).

Here, Defendants assert that there is no controversy between the parties as to Plaintiff's citizenship. In order to bring a claim under Section 1503(a), a litigant must allege that he or she has been denied a right or privilege as a national of the United States. *See* 8 U.S.C. § 1503(a). Thus, a dispute must exist as to Plaintiff's citizenship in order for her claim to proceed. Defendants contend that they "now agree that Plymate

has established U.S. citizenship." Doc. No. 8-1 at 3. This fact is evidenced by Defendants' approval of Plaintiff's Form N-600, declaring Plaintiff a U.S. citizen. *See* Doc. No. 8-2. Further, Plaintiff did not file an opposition to Defendants' motion to dismiss. Thus, based on the record, the Court finds that no actual or live controversy exists, and Plaintiff's Complaint "must be dismissed for lack of jurisdiction." *Foster*, 347 F.3d at 745.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** this action. The Clerk of Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: April 26, 2017

HON. MICHAEL M. ANELLO
United States District Judge